UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PAUL LEEMON CLARK, | ) | CASE NO. C08-0350-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| KING COUNTY SUPERIOR COURT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is currently incarcerated at the Regional Justice Center in Kent, Washington. He has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). In his proposed complaint, plaintiff asserts that despite making demands for a speedy trial, he has been waiting eight months to be brought to trial in King County Superior Court on unspecified criminal charges. (Complaint at 3.) Plaintiff alleges that his right to a speedy trial under the federal and state constitutions has been violated and he contends that it is the responsibility of the court to ensure that a defendant receives a speedy trial. The King County Superior Court is the only defendant named in this

/ / /

REPORT AND RECOMMENDATION
PAGE -1

action.[1]  Plaintiff seeks dismissal of all charges against him and money damages.

The undersigned United States Magistrate Judge has reviewed the complaint pursuant to 28 U.S.C. § 1915A, and concludes that the complaint falls short of the allegations necessary to state a claim for relief.  A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id.*  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

The manner in which plaintiff presents his claims suggests that he is seeking to have the King County Superior Court held liable for the actions of others.  Plaintiff has not identified any municipal policy or custom which he believes is responsible for the harm he alleges in his complaint.  And, in fact, plaintiff specifically states in his complaint that he believes the delay he complains of has been caused by the prosecutor "solely to gain a tactical advantage over me as a defendant." (Complaint at 3.)  The King County Superior Court may not be held liable for the actions of the prosecutor.  To the extent plaintiff's claims may implicate the actions of individual judges on the King County Superior Court who have permitted the prosecution to delay proceedings, such claims are barred by the doctrine of judicial immunity.  *See Briscoe v. LaHue*,

---

[1] The Court notes that plaintiff has filed three other actions in which he raises a speedy trial claim but against different defendants:  *Clark v. State of Washington*, Case No. C08-006-JCC (dismissed on February 5, 2008); *Clark v. Abbott*, Case No. C08-259-RSM (Report and Recommendation pending); *Clark v. Schmidt*, Case No. C08-449-MJP-MAT (Report and Recommendation pending).

460 U.S. 325, 334-36 (1983).

In light of these deficiencies, plaintiff's complaint fails to state a claim upon which relief can be granted. In addition, it appears that it would be futile to grant plaintiff leave to amend the complaint. Accordingly, the complaint should be dismissed and the IFP application denied as moot. A proposed Order reflecting this recommendation is attached.

DATED this 14th day of April, 2008.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3